| | |
|---|---|
| **DISTRICT COURT, BOULDER COUNTY STATE OF COLORADO**<br><br>1777 Sixth St<br>Boulder, CO 80302 | EFILED Document<br>CO Boulder County District Court 20th JD<br>Filing Date: Jul 14 2009 2:35PM MDT<br>Filing ID: 26103568<br>Review Clerk: Debra Crosser |
| Plaintiff(s): **APRIL HARRIS**<br><br>v.<br><br>Defendant(s): **ALLSTATE INSURANCE COMPANY and TOM LINTON** | ▲ Court Use Only ▲ |
| *Attorneys for Plaintiffs*:<br><br>W. Joseph Lapham II, (#35061)<br>Rebecca B. Albano, (#38044)<br>BENDINELLI LAW OFFICE, P.C.<br>11184 Huron Street, Suite 10<br>Denver, CO 80234<br>Phone Number: 303.940.9900<br>Fax Number: 303.940.9933 | Case No.:<br><br>Div:<br><br>Ctrm: |

### COMPLAINT

COMES NOW, Plaintiff, April Harris, by and through her attorneys, Bendinelli Law Office, P.C., and bring this Complaint against Defendants, Allstate Insurance Company and Tom Linton. As grounds therefore, Plaintiff states as follows:

### INTRODUCTION

1. Plaintiff, April Harris (hereinafter, "Plaintiff"), seeks damages arising from the breach of contract by her own insurance providers, Allstate Insurance Company (hereinafter "Defendant Allstate") and Tom Linton (hereinafter "Defendant Linton") (hereinafter collectively "Defendants").

2. On May 30, 2006, Plaintiff was injured when another vehicle made a left turn in front of her vehicle, causing Plaintiff to collide with the other vehicle at the intersection of Highway 24 and Paradise Circle in the city of Woodland Park, County of Teller, State of Colorado.

3. As a result of the collision, Plaintiff suffered injuries to her neck and spine.

4. As a result of the collision, due to injuries Plaintiff sustained, Plaintiff suffered wage loss associated with her inability to work.



5. At the time of the collision, Plaintiff carried underinsured motorist insurance through Defendant Allstate.

6. At the time of the collision, the driver who turned in front of Plaintiff was underinsured to cover Plaintiff's losses.

7. Defendant Allstate and Defendant Linton have repeatedly failed to provide Plaintiff with the benefit of the insurance for which Plaintiff has contracted for.

## PERSONAL JURISDICTION

8. Pursuant to C.R.S. § 13-1-124(a) & (d) (West 2008), this Court has personal jurisdiction over the parties to this action as Plaintiff is a resident of the State of Colorado, and Defendants transact business in the State of Colorado and contracts to insure persons and risks within the state of Colorado.

## SUBJECT MATTER JURISDICTION

9. Pursuant to C.R.S. Const. Art. 6 § 9 (West 2008), this Court has subject matter jurisdiction over this action because it involves a civil matter (motor vehicle collision), and the amount in controversy exceeds $15,000.

## VENUE

10. Pursuant to C.R.C.P. 98(c)(3)(B)(iii) (West 2008), venue is proper in Boulder County District Court because Defendants conduct business in Boulder County, Colorado.

## GENERAL ALLEGATIONS AGAINST DEFENDANTS

11. That at all times relevant hereto, Plaintiff was a resident of the City of Copper Mountain, County of Summit, and State of Colorado.

12. That at all times relevant, Defendant Allstate was an Illinois corporation which has offices and conducts business in the State of Colorado.

13. That at all times relevant, Defendant Allstate's principle office was in the City of Northbrook, State of Illinois.

14. Defendant Allstate is an insurance company licensed to write property and casualty insurance in the State of Colorado.

15. One of Defendant Allstate's registered agents in the State of Colorado is Division of Insurance, located at 1560 Broadway, Denver, Colorado 80202.

16. Defendant Linton is an employee of Defendant Allstate and was directly in charge of Plaintiff's claim.

17. Defendant Linton resides in the City of Denver, County of Denver, State of Colorado.

18. That on May 30, 2006, Plaintiff was the driver of a 2003 Toyota Rav 4.

19. That on May 30, 2006, Plaintiff was heading West on Highway 24 approaching Paradise Circle.

20. That at that time and place, Ashley Strong was the driver of a 2004 Dodge 1500 truck.

21. That at that time and place, Ashley Strong's mother, Katherine Strong, was a passenger in the 2004 Dodge 1500 truck.

22. That at that time and place, Ashley and Katherine Strong were traveling West on Highway 24.

23. That at that time and place, Ashley Strong attempted a left turn onto Paradise Circle.

24. That on May 30, 2006, Ashley Strong's attempted left hand turn caused Plaintiff's vehicle to strike her vehicle.

25. At that time and place, the impact between Ashley Strong's vehicle and Plaintiff's vehicle was the result of the careless, reckless and/or negligent conduct of Ashley Strong and Katherine Strong.

26. The collision occurred in the County of Teller, State of Colorado.

27. Upon information and belief, Plaintiff sustained serious injuries as a result of the collision.

28. As a direct and proximate result of Ashley Strong's negligent and/or careless actions, Plaintiff suffered injuries to her neck and back, with associated medical costs in excess of $59,000 and total damages in excess of $100,000.

29. As a direct and proximate result of Ashley Strong's negligent and/or careless actions, Plaintiff has in the past endured pain, suffering, and a loss of enjoyment of life, and will continue to have such associate damages in the future.

30. On May 30, 2006, the at-fault driver, Ashley Strong, was covered by an automobile insurance policy with Safeco Insurance with related liability limits of $25,000.

3

31. At all times material hereto, Plaintiff was covered by an automobile insurance policy through Defendants, providing for Uninsured/Underinsured Bodily Injury coverage limits of $100,000 under policy number 9 07 976945 11/06.

32. Prior to this collision, Plaintiff paid an insurance premium to Defendants for the above-mentioned underinsured motorist coverage, medical payment coverage, and policy of insurance. Defendants accepted the premium payment with the promise that it would provide the coverage stated in the policy of insurance and in accordance with the requirements of Colorado law.

33. Beginning on June 10, 2008, Plaintiff began the communication process of collecting her underinsured motorist coverage from Defendants in order to fully compensate her for her damages, requesting certified copy of the policy at this point as well.

34. On August 25, 2008, Defendants granted Plaintiff permission to settle her bodily injury claim with Ashley and Katherine Strong and received a settlement in the amount of the $25,000 limit from Safeco Insurance.

35. On September 4, 2008, Plaintiff submitted her underinsured motorist demand to Defendants, for the remainder of Plaintiff's underinsured motorist coverage, totaling $75,000.

36. Instead of paying Plaintiff's demand, Defendants requested an independent medical evaluation of Plaintiff conducted by Tashof Berton, M.D., a physician who has already been disqualified by other courts for his bias towards insurance providers, which Plaintiff refused.

37. On December 2, 2008, Defendants finally provided Plaintiff with a certified copy of her insurance policy.

38. On January 23, 2009, based upon an evaluation of Plaintiff's paper medical records, Defendants made an offer to Plaintiff of $15,000 "for settlement of her UIM claim as it relates to the 5-30-2006 motor vehicle accident."

39. Defendants' offer of $15,000 will bring Plaintiff's total compensation for her injuries to $40,000, well under the more than $100,000 in total damages she sustained and even under her more than $59,000 in medical costs.

### FIRST CLAIM FOR RELIEF
(Breach of Contract by Defendant Allstate—Underinsured Motorist Coverage)

40. Plaintiff incorporates the above paragraphs herein by reference.

4

41. At the time of the collision, Plaintiff was insured by a contract of insurance with Defendant Allstate under Policy No. 9 07 976945 11/06.

42. Plaintiff's insurance contract with Defendant Allstate provided that Defendant Allstate would pay "for bodily injury which you [the insured] are entitled to collect from an underinsured owner or driver who is at fault for the accident and when the damages exceed the driver's liability coverage."

43. At the time of the collision, the at-fault driver, Ashley Strong, was covered by liability insurance with a limit of $25,000 in damage.

44. As a result of the collision, Plaintiff sustained over $100,000 in damages.

45. Plaintiff had contracted for insurance coverage for $100,000 in underinsured motorist coverage.

46. Defendant Allstate owed Plaintiff a fiduciary duty to pay necessary coverage for which Plaintiff is eligible, as Plaintiff is a First Party Insured.

47. Defendant Allstate has breached its contract with Plaintiff by failing to pay benefits for which Plaintiff has contracted for, has paid premiums for, and is eligible for.

48. As a direct consequence of Defendant Allstate's breach of contractual duty to its insured, Plaintiff has suffered damages and injuries for which Defendant Allstate is legally liable.

## SECOND CLAIM FOR RELIEF
(Bad Faith Breach of Contract by Allstate—Underinsured Motorist Coverage)

49. Plaintiff incorporates the above paragraphs herein by reference.

50. At the time of the collision, Plaintiff was insured by a contract of insurance with Defendant Allstate under Policy No. 9 07 976945 11/06.

51. Plaintiff's insurance contract with Defendant Allstate provided that Defendant Allstate would pay "for bodily injury which you [the insured] are entitled to collect from an underinsured owner or driver who is at fault for the accident and when the damages exceed the driver's liability coverage."

52. At the time of the collision, the at-fault driver, Ashley Strong, was covered by liability insurance with a limit of $25,000 in damage.

53. As a result of the collision, Plaintiff sustained over $100,000 in damages.

54. Plaintiff had contracted for insurance coverage for $100,000 in underinsured motorist coverage.

55. Despite repeated requests by Plaintiff's counsel, Defendant Allstate acted unreasonably when it failed to pay any underinsured motorist benefits to Plaintiff in any amount that would compensate Plaintiff for her damages.

56. Defendant Allstate acted unreasonably when it engaged in a pattern and practice of failing to pay benefits for which Plaintiff is eligible and hindering the payment of such payments.

57. Defendant Allstate has also acted unreasonably by attempting to force Plaintiff to be subjected to an Independent Medical Examination by a physician who has previously been deemed inappropriate for such purposes.

58. Defendant Allstate has also acted unreasonably by withholding a certified copy of Plaintiff's own insurance contract until late in the settlement process, depriving Plaintiff of the resources necessary to mount a proper claim.

59. Defendant Allstate knew its failure to pay Plaintiff was unreasonable.

60. Defendant Allstate recklessly disregarded the fact that its failure to pay Plaintiff was unreasonable.

61. As a direct consequence of Defendant Allstate's breach of duty to its insured, Plaintiff has suffered damages and injuries for which Defendant Allstate is legally liable, including, but not limited to additional litigation costs, and emotional distress.

62. Defendant Allstate's actions are attended by circumstances of malice.

### THIRD CLAIM FOR RELIEF
(Breach of Fiduciary Duty of Defendant Allstate)

63. Plaintiff incorporates the above paragraphs herein by reference.

64. Defendant Allstate was entrusted by Plaintiff to act in the interests of Plaintiff in regard to her underinsured motorist claim.

65. Defendant Allstate had the legal power to act in the interest of Plaintiff as a first-party insurer in regard to Plaintiff's claims.

66. Defendant Allstate was acting in a fiduciary capacity to Plaintiff, with respect to Plaintiff's underinsured motorist insurance coverage.

6

67. Defendant Allstate breached this fiduciary duty when it failed to pay Plaintiff the full contracted for amount of her underinsured motorist insurance coverage.

68. As a direct consequence of Defendant Allstate's breach of its fiduciary duty to its insured, Plaintiff has suffered damages and injuries for which Defendant Auto-Owners is legally liable, including, but not limited to additional litigation costs, and emotional distress.

## FOURTH CLAIM FOR RELIEF
(Breach of Fiduciary Duty of Defendant Linton)

69. Plaintiff incorporates the above paragraphs herein by reference.

70. Defendant Linton was entrusted by Plaintiff to act in the interests of Plaintiff in regard to her underinsured motorist claim.

71. Defendant Linton had the legal power to act in the interest of Plaintiff as a first-party insurer in regard to Plaintiff's claims.

72. Defendant Linton was acting in a fiduciary capacity to Plaintiff, with respect to Plaintiff's underinsured motorist insurance coverage.

73. Defendant Linton breached this fiduciary duty when it failed to pay Plaintiff the full contracted for amount of her underinsured motorist insurance coverage.

74. As a direct consequence of Defendant Linton's breach of its fiduciary duty to its insured, Plaintiff has suffered damages and injuries for which Defendant Linton is legally liable, including, but not limited to additional litigation costs, and emotional distress.

## FIFTH CLAIM FOR RELIEF
(Unfair Claim Settlement Practices—Breach of Duty of Good Faith and Fair Dealings by Defendant Allstate)

75. Plaintiff incorporates the above paragraphs herein by reference.

76. Defendant Allstate owes a duty of Good Faith and Fair Dealings to Plaintiff in regard to the investigation and settlement of her claim under the contracted for underinsured motorist coverage.

77. C.R.S. § 10-3-1104(1)(h) (2009) lists conduct that is deemed to be indicative of unreasonable conduct by a first-party insurer, thus constituting a breach of the duty of Good Faith and Fair Dealings.

78. Under C.R.S. § 10-3-1104(1)(h), Defendant Allstate willfully acted unreasonably in the following ways:

    a. Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies;

    b. Refusing to pay claims without conducting a reasonable investigation based upon all available information;

    c. Not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear;

    d. Failing to promptly settle claims, where liability has become reasonably clear, under one portion of the insurance policy coverage in order to influence settlements under other portions of the insurance policy coverage;

    e. Failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement; and

    f. Failing to adopt and implement reasonable standards for the prompt resolution of medical payment claims.

79. As a result of such willful unreasonable conduct, Defendant Allstate denied full and adequate payment to Plaintiff of her contracted for insurance coverage.

80. As a direct consequence of Defendant Allstate's willful unreasonable conduct, Plaintiff has suffered damages and injuries for which Defendant Allstate is legally liable, including, but not limited to additional litigation costs, and emotional distress.

## SIXTH CLAIM FOR RELIEF
(Unfair Claim Settlement Practices—Breach of Duty of Good Faith and Fair Dealings by Defendant Linton)

81. Plaintiff incorporates the above paragraphs herein by reference.

82. Defendant Linton owes a duty of Good Faith and Fair Dealings to Plaintiff in regard to the investigation and settlement of her claim under the contracted for underinsured motorist coverage.

83. C.R.S. § 10-3-1104(1)(h) (2009) lists conduct that is deemed to be indicative of unreasonable conduct by a first-party insurer, thus constituting a breach of the duty of Good Faith and Fair Dealings.

84. Under C.R.S. § 10-3-1104(1)(h), Defendant Linton willfully acted unreasonably in the following ways:

    a. Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies;

    b. Refusing to pay claims without conducting a reasonable investigation based upon all available information;

    c. Not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear;

    d. Failing to promptly settle claims, where liability has become reasonably clear, under one portion of the insurance policy coverage in order to influence settlements under other portions of the insurance policy coverage;

    e. Failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement; and

    f. Failing to adopt and implement reasonable standards for the prompt resolution of medical payment claims.

85. As a result of such willful unreasonable conduct, Defendant Linton denied full and adequate payment to Plaintiff of her contracted for insurance coverage.

86. As a direct consequence of Defendant Linton's willful unreasonable conduct, Plaintiff has suffered damages and injuries for which Defendant Linton is legally liable, including, but not limited to additional litigation costs, and emotional distress.

### SEVENTH CLAIM FOR RELIEF
(Defendant Allstate's Violation of C.R.S. § 10-3-1116(1))

87. Plaintiff incorporates the above paragraphs herein by reference.

88. Defendant Allstate has continued to unreasonably deny and delay benefits to Plaintiff under their insurance contract contrary to Colorado law.

89. Pursuant to Section 10-3-1116(1), Plaintiff is entitled to reasonable attorneys fees and two times the covered benefits.

### EIGHTH CLAIM FOR RELIEF
(Unjust Enrichment of Defendant Allstate; Moratory Interest)

90. Plaintiff incorporates the above paragraphs herein by reference.

91. Defendant Allstate wrongfully withheld monies from Plaintiff.

92. Plaintiff requests that this Court enter an order requiring Defendant Allstate to pay her prejudgment interest on the monies wrongfully withheld, pursuant to C.R.S. § 5-12-102.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment for Plaintiff and against Defendant Allstate and Defendant Linton in an amount to fairly and reasonably compensate her for her injuries and damages as set forth above; including, but not limited to, litigation costs, emotional distress, statutory

interest pursuant to Colorado law and for such other relief as this Court deems just and proper.

Dated this 14th day of July 2009.

Respectfully Submitted,
BENDINELLI LAW OFFICE, P.C.

*This pleading is filed electronically pursuant to C.R.C.P., 121 § 1-26. The original signed pleading is in counsel's file.*

_/s/ W. Joseph Lapham II_

By:   W. Joseph Lapham II, (#35061)
      BENDINELLI LAW OFFICE, P.C.
      *Attorneys for Plaintiff*
      11184 Huron St., Suite 10
      Denver, CO 80234
      303.940.9900

Plaintiff's Address:
PO Box 3574
Copper Mountain, CO 80443