IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No. 09-cv-01953-LTB-MJW

APRIL HARRIS,

    Plaintiff,

v.

ALLSTATE INSURANCE COMPANY,

    Defendant.

_____

**ORDER**
_____

    I.    BACKGROUND

THIS MATTER is before the Court on Defendant's Motion to Sever Claims Pursuant to Fed.R.Civ.P. 42(b), filed January 14, 2010 (docket #21); Plaintiff's Response, filed February 2, 2010 (docket #26); and Defendant's Reply, filed February 19, 2010 (docket #34). Plaintiff alleges three claims for relief against Allstate: breach of contract; common law bad faith; and statutory bad faith pursuant to C.R.S. § 10-3-1116. The breach of contract claim alleges that Allstate failed to pay Plaintiff underinsured motorist coverage in the amount demanded. The bad faith claim is based on Allstate's alleged refusal to pay Plaintiff what she believes her claim is worth. Allstate moves for separate discovery and trials on Plaintiff's breach of contract and bad faith claims. Allstate asserts that bifurcation will result in avoidance of prejudice and an increase in convenience, efficiency, and economy. I disagree and will deny the motion.

II. STANDARD OF REVIEW

"The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conductive to expedition and economy, may order a separate trial of any claim... or of any separate issue or of any number of claims... or issues... always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States. Fed.R.Civ.P. 42(b). "While separation of issues for trial is not to be routinely ordered, it is important that it be encouraged where experience has demonstrated its worth." *Angelo v. Armstrong World Industries, Inc.*, 11 F.3d 957, 964 (10th Cir. 1993). Bifurcation is not an abuse of discretion if such interests favor separation of issues and the issues are clearly separable. *Id.*

III. ANALYSIS

Defendant Allstate asserts that a separate trial is necessary to avoid prejudice to Allstate. Specifically, Allstate contends that evidence that Allstate made a settlement offer of only $15,000, when Plaintiff made a settlement demand in the amount of $100,000, would be unfairly prejudicial to Allstate in the underlying contract claim. Defendant asserts that the exclusionary Rule 408 F.R.E. generally prohibits such evidence of an offer to compromise in order to prevent such prejudice. Defendant further asserts that permitting evidence of unsuccessful settlement negotiations also creates a very real potential for jury confusion.

Defendant contends that if Allstate is required to defend the bad faith claims while simultaneously defending the uninsured motorist claim, Plaintiff is put at an unfair advantage in the contract claim. Defendant asserts that Plaintiff will be in a better position to try her case, and negotiate a settlement of it, if she is granted access to Allstate's claims

file under the guise of prosecuting a bad faith claim. Defendant argues that a single discovery and trial on the two claims would prejudice Allstate, as Allstate will be required to reveal information that would not be discoverable if the contract claim were tried separately.

Defendant says that Plaintiff's claims are not so inextricable intertwined that a single trial on both issues is mandatory. Defendant goes on to say that because the resolution of the contract claim in favor of Allstate would result in the bad faith claims failing as a matter of law, it is unnecessary for the two to be tried together which would save the parties and the court from unnecessary litigation and expense.

Finally, Defendant complains that Plaintiff's discovery requests have been far and broad reaching. To summerize the Defendant's discovery issues the Defendant points out that the expert witnesses and deposition testimony will go far beyond the contract claim, and that time and money could be saved if the claims are severed. So, Defendant concludes that convenience, economy, and efficiency are best served through the bifurcation of the breach of contract and bad faith claims for both discovery and trial.

In response, Plaintiff argues that convenience, efficiency, and economy will best be served if Defendant's motion is denied as the Defendant fails to recognize that Plaintiff's breach of contract claim is partially predicated on Defendant's failure to pay undisputed amounts. Consequently, any offer of settlement is relevant with respect not only to Plaintiff's bad faith claim, but also to Plaintiff's breach of contract claim. And, to predicate the severance of Plaintiff's claims on the assumption that Defendant will prevail in the first trial makes no sense, as the discovery process will be virtually identical with respect to Plaintiff's claim of breach of contract and her claim of bad faith breach of contract. Plaintiff

3

notes that nearly all of the same witness will testify at trial with respect to her claim of breach of contract and her claim of bad faith breach of contract.

Plaintiff disputes that Defendant will suffer unfair prejudice if Plaintiff's claims remain joined. Plaintiff states that she will not present evidence of Defendant's offer to settle for any purpose prohibited by F.R.E. 408. Moreover, Plaintiff argues that it is integral to both Plaintiff's breach of contract and bad faith breach of contract that Defendant failed to pay the amount owed that was undisputed.

I find and conclude that the interests of convenience, economy, efficiency are better served by the breach of contract and bad faith claims remaining joined. It is persuasive that the discovery process and witness lists will be nearly identical. Should the Plaintiff be successful on her breach of contract claim, I fail to see how beginning the discovery process again, motions deadlines, etc., and then proceeding to a second trial would be in the interest of convenience, economy, and efficiency. As to the issue of unfair prejudice, any possible prejudice that may occur from the presentation of evidence of Defendant's $15,000 settlement offer may be cured by a limiting instruction to the jury. Accordingly, Defendant's Motion to Sever Claims Pursuant to Fed.R.Civ.P. 42(b), filed January 14, 2010 (docket #21) is **DENIED**.

Dated: March 8, 2010

BY THE COURT:

   s/Lewis T. Babcock
Lewis T. Babcock, Judge