IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01953-LTB-MJW

APRIL HARRIS,

    Plaintiff,

v.

ALLSTATE INSURANCE COMPANY,

    Defendant.

## STIPULATED MOTION FOR PROTECTIVE ORDER
(Docket No. 39)

Defendant, Allstate Insurance Company ("Allstate"), through its attorneys, WALBERG, TUCKER & HOLMES, P.C., by Andrew Scott, and Plaintiff, April Harris, through her attorneys, BENDINELLI LAW OFFICE, P.C., by W. Joseph Lapham II, Esq., stipulate and agree that the Court shall hereby enter this Stipulated Protective Order ("Protective Order") as set forth below.

### Stipulation Regarding Trade Secrets

In this case, information (via production of documents, responses to interrogatories, depositions, or by other means) may be produced or obtained, relating to trade secrets and confidential information embodied in the documentation produced by Allstate in discovery and disclosures in this litigation ("Information"). The United States District Court for the District of Colorado promulgated D.C.COLO.LCivR 7.2, which provides in relevant part:

    A. Scope. Upon motion and a showing of compelling reasons, a judicial officer may order that:

1. all or a portion of papers and documents filed in a case shall be sealed; or
2. all or a portion of court proceedings shall be closed to the public.
B. Motion to Seal. Any motion to seal or otherwise restrict public access shall describe, at a minimum:
1. the nature of the materials or proceedings at issue;
2. the legitimate private or public interests that warrant the relief sought;
3. the clearly defined and serious injury that would result if the relief sought is not granted; and
4. why a less restrictive alternative to the relief sought is not available.

To carry the good cause burden under Rule 26(c)(7), a party must first establish that the information is a trade secret or other confidential research, development, or commercial information and then demonstrate that its disclosure might be harmful. *Centurion Indus., Inc. v. Warren Steurer & Assocs.*, 665 F.2d 323, 325-326 (10th Cir.1981). In this case, the parties request that the Court enter an order sealing portions of the documents that may be produced in response to discovery requests. The nature of the documents to be sealed include training materials, marketing materials instructional material and reference provided to and used by Allstate claims handlers.

Through their undersigned counsel, Harris and Allstate hereby AGREE AND STIPULATE that the following conditions and restrictions shall govern the access to and the use and disclosure of information:

## **Protective Order Regarding Trade Secrets**

1. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "CONFIDENTIAL" shall be information that is confidential and implicates common law and/or statutory privacy interests of Allstate and its employees. CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case. Information that is designated by a party as CONFIDENTIAL must first be reviewed by a lawyer and that designation as confidential must be "based on a good faith belief that [the information] is confidential or otherwise entitled to protection under Fed.R.Civ.P. 26(c)91)(G); *see also Gillard v. Boulder Valley School Dist.,* 196 F.R.D. 382 (D.Colo. 2000)

4. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

(a) attorneys actively working on this case;

(b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c) the parties;

(d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(e) the Court and its employees ("Court Personnel");

(f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g) deponents, witnesses, or potential witnesses; and

(h) other persons by written agreement of the parties.

5. Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

6. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

7. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party

designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

8. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

9. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Respectfully submitted,

Date: April 1, 2010         s/Andrew Scott
                            Andrew A. Scott, Esq.
                            WALBERG, TUCKER & HOLMES, P.C.
                            7400 E. Caley Avenue, Suite 300
                            Centennial CO 80111-6714
                            (303) 694-9300 phone
                            (303) 694-9370 fax
                            aas@wth-law.net
                            *Attorneys for Defendant*

Date: April 1, 2010

s/W. Joseph Lapham II, Esq.
W. Joseph Lapham II, Esq.
Rebecca B. Albano, Esq.
BENDINELLI LAW OFFICE, P.C.
11184 Huron Street, Suite 10
Denver CO 80234
*Attorneys for Plaintiff*

DONE in Court this 5th day of April, 2010.

BY THE COURT:

_____

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
**DISTRICT OF COLORADO**