**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE**

Civil Case No. 09-cv-01953-LTB-MJW

APRIL HARRIS,

     Plaintiff,

v.

ALLSTATE INSURANCE COMPANY,

     Defendant.
_____

**ORDER**
_____

THIS MATTER is before the Court on Defendant Allstate Insurance Company's Motion for Summary Judgment, filed February 12, 2010 (docket #31); Plaintiff's Response, filed March 4, 2010 (docket #36); and Defendant's Reply, filed March 22, 2010 (docket # 38). Oral argument will not materially aid in the resolution of this motion. For the reasons stated below, Defendant's motion is granted.

    I.    <u>STATEMENT OF UNDISPUTED FACTS</u>

This lawsuit arises out of a motor vehicle accident in which Plaintiff was involved on May 30, 2006. As a result of that accident, Plaintiff sustained substantial injuries. Plaintiff incurred and paid roughly $60,000.00 for medical treatment. On September 8, 2008, with Allstate's permission, Plaintiff settled her claim against the negligent driver in return for payment of the liability limits available under that driver's insurance policy. Plaintiff then began attempts to recover benefits under her underinsured motorist coverage (UIM coverage) in her own insurance policy with Allstate.

On June 10, 2008, Plaintiff's counsel first provided notice to Allstate of the accident and placed Allstate on notice of a potential claim. The following day, Allstate sent Plaintiff's counsel medical authorizations for the release of Plaintiff's medical records and bills so that Allstate could investigate and evaluate Plaintiff's claim. In response, Plaintiff sent a letter to Allstate explaining that in accordance with *Alcon v. Spicer*, 113 P.2d 735 (Colo. 2005), Plaintiff would not sign blank authorizations; that instead Plaintiff would fully assess all of her injuries and forward medical records not protected by the physician-patient privilege.

That same day, Allstate again requested that Ms. Harris complete and return enclosed medical and wage authorization forms. Allstate explained to Plaintiff's counsel that evaluation of Ms. Harris' claim could not be made without the information. In response, Plaintiff again explained that because she was more than willing to provide all discoverable documents and that "there [was] no basis to require Plaintiff to execute [these] releases."

On September 4, 2008 and January 29, 2009, Plaintiff sent Allstate medical records she deemed relevant. Additionally, on September 4, 2008, Plaintiff made a settlement demand upon Allstate in the amount of $75,000. In response, Allstate requested that Plaintiff submit to an Independent Medical Examination (IME) with Dr. Tashof Bernton. Plaintiff requested the selection of a neutral or independent examiner. Plaintiff's November 12, 2008, letter to Allstate states the following: "Ms. Harris certainly agrees to comply [with the IME]. However, Ms. Harris believes Allstate's selection of Tashof Bernton, an unqualified, insurance-biased examiner, is inconsistent with its duty to adjust her claim in good faith." In the same letter, Plaintiff pointed out that Dr. Berton

is not board certified in pain medicine through the American Board of Medical Specialists, and was unqualified to conduct the IME. Plaintiff also noted that Dr. Bernton was previously precluded from conducting a Colo. R. Civ. P. examination by a Denver District Court because of his known bias in favor of insurance companies. Plaintiff then suggested some independent pain management physicians to conduct the IME.

Plaintiff sent a follow up letter requesting an unbiased, more qualified medical examiner, and disclosed additional related medical records. Plaintiff states that in a conversation with counsel, Allstate indicated that it would rely on a medical records review by Dr. Bernton. Plaintiff believed that this records review was sufficient to satisfy Allstate's request for an IME.

This action was then filed on August 17, 2009.

II.     STANDARD OF REVIEW

The purpose of a summary judgment motion is to assess whether trial is necessary. *White v. York Int'l Corp.*, 45 F.3d 357, 360 (10th Cir. 1995). If a reasonable juror could not return a verdict for the non-moving party, summary judgment is proper and there is no need for a trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Summary judgment is not proper if—viewing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in that party's favor—a reasonable jury could return a verdict for the non-moving party. *Mares v. ConAgra Poultry Co.*, Inc., 971 F.2d 492, 494 (10th Cir. 1992).

In a motion for summary judgment, the moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying

those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, *supra*, 477 U.S. at 323 (quoting Fed. R. Civ. P. 56(c)). If this burden is met, then the non-moving party has the burden of showing there are genuine issues of material fact to be determined. *See id.* at 322. It is not enough that the evidence be merely colorable; the non-moving party must come forward with specific facts showing a genuine issue for trial. *See id.*; *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A fact is material if it might affect the outcome of the suit under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). I shall grant summary judgment, therefore, only if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Lucas v. Mountain States Tel. & Tel.*, 909 F.2d 419, 420 (10th Cir. 1990); Fed. R. Civ. P. 56(c).

In a motion for summary judgment, I view the evidence "through the prism of the substantive evidentiary burden." *Liberty Lobby, supra*, 477 U.S. at 254. The inquiry is based on "the quality and quantity of evidence required by the governing law" and "the criteria governing what evidence would enable the jury to find for either the plaintiff or the defendant." *Id.*

  III. LEGAL ANALYSIS

    A. Breach of Contract Claim

Defendant asserts Ms. Harris' claim for breach of contract must fail because she is the only party to the contract who has breached any terms of the contract. The

4

insurance contract at issue in this case states:

> Medical Reports
>
> The injured person may be required to take medical examinations by physicians we choose, as often as we reasonably require. We must be given authorization to obtain medical reports and other medical records pertinent to the claim.
>
> Assistance and Cooperation Of The Insured
>
> An insured person must cooperate with use in the investigation, settlement, and defense of any claim or lawsuit...
>
> Legal Actions
>
> No one may sue us under uninsured Motorist Insurance unless there is full compliance with all policy terms. ...

Defendant argues that Ms. Harris breached the contract because she refused to provide signed authorizations for her medical records, she refused to attend an IME, and she refused to cooperate with Allstate. Defendant goes on to say because Plaintiff failed to satisfy these conditions precedent to coverage and suit, her claim for breach of contract must fail as a matter of law.

Plaintiff contends that at no point did she refuse to submit to an IME. Rather, she agreed to comply with an IME, but she believed that Allstate's selection of Tashof Bernton was inconsistent with its duty to adjust her claim in good faith. Plaintiff asserts that Allstate's requests for an IME were not reasonable because despite questioning Dr. Bernton's bias and qualifications, Allstate never even considered another IME examiner. Plaintiff states that she relied upon Allstate's representation that a records review by Dr. Benton would be sufficient in place of an examination by Dr. Bernton. She assumed

Allstate no longer required a physical examination thereafter because Allstate ceased all requests for Plaintiff to submit to an IME.

Plaintiff cites to Fed. R. Civ. P. 35 and case law pertaining thereto as justification for her attempts to persuade Allstate to use a physician more to her liking to perform the IME. Rule 35 states, "when the mental or physical condition of a party ... is in controversy, the court in which the action is pending may order the party to 'submit to an physical or mental examination by a suitably licensed or certified examiner ...." See Fed. R. Civ. P. 35(a)(1). Plaintiff goes on to argue that Rule 35 prevents Allstate from having the absolute right to choose the physician to perform the IME citing *Doupnce v. Drake,* "[a] defendant seeking a Rule 35 physical examination of the Plaintiff does not have an absolute right to choose his own physician." 183 F.R.D. 565, 566 (D. Colo. 1998).

Plaintiff points to no case law at all where the court has found that Rule 35 usurps the pre-litigation unambiguous provisions of a contract. *Doupnce* is easily distinguishable from this case. In *Doupnce v. Drake,* 183 F.R.D. 565, 566 (D. Colo. 1998), the defendant moved for an IME of plaintiff under Rule 35, Fed. R. Civ. P. Here, the plain language of the policy clearly requires that Ms. Harris take medical examinations by a physician chosen by Allstate as often as reasonably required. The Federal Rules of Civil Procedure only apply to actions before the federal courts. They do not provide nonparties, as Ms. Harris was at the time of Allstate's request for an IME, with any legal rights to question the biases and qualifications of an IME examiner as asserted by Plaintiff.

Plaintiff also argues pursuant to *Alcon v. Spicer*, 113 P.3d 735. 741 (Colo. 2005), she is not required to issue blanket medical releases to Allstate, and has therefore not

6

breached her contract.  *Alcon* has no application to the issues before me.  Nowhere in *Alcon* is there a statement by the Colorado Supreme Court that excuses Ms. Harris from complying with her clear contractual obligations.  Nor does that opinion contain any language stating that an insured can disregard the clear terms of an insurance contract.

The undisputed facts demonstrate that Plaintiff did not submit to a medical examination by a physician of Allstate's choice as required by the terms of the policy.  I find that there is no evidence that Allstate waived or withdrew its request for a medical examination, nor is there any evidence that Allstate only agreed to a records review as opposed to an actual examination.  Plaintiff also refused to provide signed authorizations, and by doing so she refused to cooperate with Allstate.  Plaintiff failed to satisfy the conditions precedent to coverage.  No reasonable trier of fact could conclude otherwise.

Accordingly, I conclude that Allstate is entitled to judgment as a matter of law on Plaintiff's claim for breach of contract.

B.     Tort Claim for Bad Breach of Contract

Allstate also asserts that it is entitled to summary judgment on Plaintiff's tort based claim for bad faith breach of the insurance contract because Ms. Harris cannot legally establish that Allstate failed to perform under the contract.  Colorado law provides that an insurer owes the insured a non-delagable duty of good faith and fair dealing, the breach of which gives rise to a separate cause of action in tort. *Cary v. United of Omaha Life Ins. Co.*, 68 P. 3d 462, 466 (Colo. 2003); see also Colo. Rev. Stat. § 10-3-1113(1). Colorado Revised Statue Section 10-3-1113(3) provides that "[u]nder a

7

policy of first-party insurance, the determination of whether the insurer's delay or denial was reasonable shall be based on whether the insurer knew that its delay or denial was unreasonable or whether the insurer recklessly disregarded the fact that its delay or denial was unreasonable."

Therefore, for an insured to prevail on a first-party tortious bad faith breach of contract claim against the insurer, the insured must establish that the insurer acted: (1) unreasonably and (2) with knowledge of or reckless disregard of its unreasonableness. *Dale v. Guaranty Nat. Ins. Co.*, 948 P.2d 545, 551 (Colo. 1997); see also *Travelers Ins. Co. v. Savio*, 706 P.2d 1258, 1261 (Colo. 1985); *Burgess v. Mid-Century Ins. Co.*, 841 P.2d 325, 328 (Colo. App. 1992)(bad faith conduct occurs when an insurer intentionally denies a claim without a reasonable basis). Whether an insurer has in bad faith breached its duties to an insured is a determination of "reasonableness under the circumstances." *Pham v. State Farm Mut. Auto. Ins. Co., supra*, 70 P.3d at 572. That is, "would a reasonable insurer under the circumstances have denied or delayed payment of the claim under the facts and circumstances." *Id.* (*quoting Farmers Group, Inc. v. Trimble*, 691 P.2d 1138, 1142 (Colo. 1984)). Bad faith breach of an insurance contract encompasses the entire course of conduct and is cumulative. *Pham v. State Farm Mut. Auto. Ins. Co., supra*, 70 P.3d at 572 (*citing Dale v. Guar. Nat'l Ins. Co., supra*).

As stated above, Ms. Harris cannot legally establish that Allstate has breached the contract. For the same reasons, I find that, under these facts and as a matter of law, Allstate acted reasonably under the circumstances as Plaintiff did not provide Allstate with information needed to fully investigate and evaluate her claim. Allstate is entitled to summary judgment in its favor on Plaintiff's tort claim for bad faith breach on

contract.

        C.      C.R.S. § 10-3-1116 Claim

Defendant argues that C.R.S. § 10-3-1116 does not apply retroactively, and even it applies in this case, summary judgment is appropriate as Allstate has acted reasonable under the circumstances. I will not address whether the statute should be applied retroactively to this case as the statute provides recovery only upon a finding of unreasonable conduct by an insurer. For all the reasons set forth above, Plaintiff cannot establish that Allstate acted unreasonably under these circumstances. As such, Allstate is entitled to summary judgment in its favor on Plaintiff's C.R.S. § 10-3-1116 claim.

        IV.     <u>CONCLUSION</u>

Defendant Allstate Insurance Company's Motion for Summary Judgment, filed February 12, 2010 (docket #31) is **GRANTED**. Judgment shall enter in favor of Allstate and against Plaintiff with costs awarded to Allstate.

Dated: June  22 , 2010.

                                      BY THE COURT:

                                      s/Lewis T. Babcock
                                      Lewis T. Babcock, Judge