**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE**

Civil Case No. 09-cv-01953-LTB-MJW

APRIL HARRIS,

    Plaintiff,

v.

ALLSTATE INSURANCE COMPANY,

    Defendant.

___

**ORDER**
___

THIS MATTER is before me on Plaintiff's Motion for Reconsideration, filed July 20, 2010 (docket # 62); Defendant's Response, filed August 20, 2010 (docket #66); and Plaintiff's Reply, filed September 7, 2010 (docket # 67). Oral argument will not materially aid in the resolution of this motion. For the reasons stated below, Plaintiff's Motion is denied.

    I.    <u>BACKGROUND</u>

This lawsuit arises out of a motor vehicle accident in which Plaintiff was involved on May 30, 2006. As a result of that accident, Plaintiff sustained substantial injuries. Plaintiff incurred and paid roughly $60,000.00 for medical treatment. On September 8, 2008, with Allstate's permission, Plaintiff settled her claim against the negligent driver in return for payment of the liability limits available under that driver's insurance policy. Plaintiff then began attempts to recover benefits under her underinsured motorist coverage (UIM coverage) in her own insurance policy with Allstate.

On June 10, 2008, Plaintiff's counsel first provided notice to Allstate of the accident and placed Allstate on notice of a potential claim. The following day, Allstate sent Plaintiff's counsel medical authorizations for the release of Plaintiff's medical records and bills so that Allstate could investigate and evaluate Plaintiff's claim. In response, Plaintiff sent a letter to Allstate explaining that in accordance with *Alcon v. Spicer*, 113 P.2d 735 (Colo. 2005), Plaintiff would not sign blank authorizations; that instead Plaintiff would fully assess all of her injuries and forward medical records not protected by the physician-patient privilege.

That same day, Allstate again requested that Ms. Harris complete and return enclosed medical and wage authorization forms. Allstate explained to Plaintiff's counsel that evaluation of Ms. Harris' claim could not be made without the information. In response, Plaintiff again explained that because she was more than willing to provide all discoverable documents and that "there [was] no basis to require Plaintiff to execute [these] releases."

On September 4, 2008 and January 29, 2009, Plaintiff sent Allstate medical records she deemed relevant. Additionally, on September 4, 2008, Plaintiff made a settlement demand upon Allstate in the amount of $75,000. In response, Allstate requested that Plaintiff submit to an Independent Medical Examination (IME) with Dr. Tashof Bernton. Plaintiff requested the selection of a neutral or independent examiner. Plaintiff's November 12, 2008, letter to Allstate states the following: "Ms. Harris certainly agrees to comply [with the IME]. However, Ms. Harris believes Allstate's selection of Tashof Bernton, an unqualified, insurance-biased examiner, is inconsistent with its duty to adjust her claim in good faith." In the same letter, Plaintiff pointed out that Dr. Berton

is not board certified in pain medicine through the American Board of Medical Specialists, and was unqualified to conduct the IME. Plaintiff also noted that Dr. Bernton was previously precluded from conducting a Colo. R. Civ. P. examination by a Denver District Court because of his known bias in favor of insurance companies. Plaintiff then suggested some independent pain management physicians to conduct the IME.

Plaintiff sent a follow up letter requesting an unbiased, more qualified medical examiner, and disclosed additional related medical records. Plaintiff states that in a conversation with counsel, Allstate indicated that it would rely on a medical records review by Dr. Bernton. Plaintiff believed that this records review was sufficient to satisfy Allstate's request for an IME.

This action was then filed on August 17, 2009. On June 22, 2010, I granted Defendant's Motion for Summary Judgment. Plaintiff now moves the Court to amend the June 22, 2010, Order so as to deny Defendant's prior motion for summary judgment. Plaintiff asserts (1) that although she questioned the bias and qualification of the chosen medical examiner, Plaintiff never refused to submit to an IME; (2) that there are genuine issue of material fact as to whether Defendant's request for an IME was reasonable and whether Plaintiff's conduct constitutes a refusal under the terms of the contract; (3) that to the extent this Court determines that Plaintiff did breach a condition precedent, this breach as induced by Defendant's conduct; (4) that the failure to provide medical releases was not a breach of a material term of the contract; and (5) that by eventually providing the relevant medical record Plaintiff substantially complied with the

3

relevant condition precedent, rendering the failure to provide medical releases harmless.

## II. MOTION FOR RECONSIDERATION STANDARD

Plaintiff files this motion under Fed. R. Civ. P. 59(e). The purpose of a Rule 59(e) motion "is to correct manifest errors of law or to present newly discovered evidence." *Committee for First Amendment v. Campbell*, 962 F.2d 1517, 1523 (10th Cir. 1992). Such a motion may be granted when there is an intervening change in controlling law, when new evidence becomes available, or when there is a need to correct clear error or prevent manifest injustice. *Mantle Ranches Inc., v. U.S. Park Service*, 950 F. Supp. 299, 300 (D. Colo. 1997). A Rule 59(e) motion is appropriate where "the court has patently misunderstood a party, has made a decision outside the adversarial issues presented, has made a mistake not of reasoning but of apprehension or there has been a significant change or development in the law or facts since submission of the issues to the court." *Gregg v. Am. Quasar Petroleum Inc.*, 840 F. Supp. 1394, 1401 (D. Colo. 1991). "A motion for reconsideration is not a license for a losing party's attorney to get a second bite at the apple and make legal arguments that could have been raised before." *Mantle Ranches*, 950 F. Supp. at 300. "A party cannot invoke Rule 59(e) to raise arguments or evidence that could and should have been presented during the summary judgment process." *Buell v. Sec. Gen. Life Ins. Co.*, 784 F. Supp. 1533, 1536 (D. Colo. 1992)

III. <u>ANALYSIS</u>

Plaintiff submits that she is providing newly discovered evidence on which she relies for the instant motion. Plaintiff contends that she did not come into possession of the entire claims diary until June 10, 2010, and upon receipt of Allstate's entire claims diary it was clear that Defendant represented to Plaintiff that it would rely on a peer review in lieu of an Independent Medical Examiner (IME). Defendant argues that the claims diary was disclosed on February 10, 2010. Defendant goes on to state that all evidence relating to this motion was disclosed prior to Allstate's Motion for Summary Judgment. Defendant contends that Plaintiff's efforts are merely an attempt to take a second bite of the apple.

Plaintiff also asserts that I should reconsider my previous order to correct clear error and manifest injustice. Plaintiff believes that I overlooked genuine issues of material fact as to issues that are properly a question of fact for the jury. Plaintiff relies on two cases in her assertion that genuine issues of material fact exist as to whether Allstate's request for an IME was reasonable and whether Plaintiff's conduct constituted a refusal under the contract. Plaintiff contends that under Colorado law, a breach of a policy provision requiring the insure to submit to an IME is a bar to recovery under one's own insurance policy, provided the request is reasonable. *Citing Jensen v. American Family Mutual Insurance Co.*, 683 P.2d 1212 (Colo. App. 1984). Further, the issue of reasonableness of the examination request is a question for the jury. *Citing Hansen v. State Farm Mutual Automobile Insurance Co.*, 936 P.2d 584 (Colo. App. 1996), rev'd on other grounds, 957 P.2d 1380.

5

Defendant argues that in appropriate circumstances, as when there are no genuine issues of material fact, reasonableness may be decided as a matter of law. *Citing Garcia v. Berkshire Life Insurance Company of America*, 2007 WL 457833 (D. Colo. 2007); *Chateau Chamberay*, 90 Cal.App.4th at 350 (the question becomes one of law where there is no dispute about underlying facts and, due to absence of conflicting inferences, reasonable minds could not differ). Defendant goes on to state that reasonableness does not become an issue of fact merely because Ms. Harris did not approve of Allstate's choice of physicians. Defendant notes that this was Allstate's first request for her attendance at an IME.

As to Plaintiff's newly discovered evidence, the evidence was in existence at the time of the original motion and was disclosed to Plaintiff and, thus, could have been discovered with reasonable diligence.

Next, I will address Plaintiff's argument this motion should be granted to correct manifest errors of law. After review of Plaintiff's previously filed Response to Defendant's Motion for Summary Judgment, it is clear that this motion is Plaintiff's attempt at a second bite of the apple. The entirety of Plaintiff's argument in the response regarding the reasonableness of the IME was based upon Fed.R.Civ.P 35. The arguments raised in this motion clearly could have been raised before. I note that Plaintiff did not argue that the term "full compliance" is a jury question nor did she raise the argument that the terms of the policy were ambiguous in her previous response. As such, I will not address those arguments now.

Accordingly, Plaintiff's Motion for Reconsideration is **DENIED**. Defendant is awarded its costs.

Dated: October   27  , 2010.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK, JUDGE